STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

| 0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: Maureen A. Devine

Case No.: 17-16939

Judge: Rosemary Gambardella

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Second Modified/Notice Required    Date: December 11, 2017
☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  JWH          Initial Debtor:  MAD          Initial Co-Debtor  _____

**Part 1:  Payment and Length of Plan**

1

    a. The debtor shall pay __115.00 Monthly__ to the Chapter 13 Trustee, starting on __May 1, 2017__ for approximately **60** months.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- [✓] Sale of real property
  Description: 296 Pequest Road Andover, NJ 07821
  Proposed date for completion: By June 1, 2018
- [ ] Refinance of real property:
  Description:
  Proposed date for completion:
- [ ] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection  [X] NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| None | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [✓] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
Chase Auto Finance
US Bank Trust

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| US Bank Trust | 296 Pequest Road, Andover, NJ 07821 | Payoff as of date of sale of property subject to customary review and debtor approval |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☑    Not less than **100%** percent

☐    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

4

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification   ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. The length of time for the sale of debtor's property is being extended.<br>2. Creditor US Bank Trust, lien holder in connection with debtor's residence, is fully secured, with the value of the property exceeding the amount due. A regular monthly payment is not necessary in this case. | 1. Changing the real property sale date from end of year 2017 to June 1, 2018.<br>2. Part 1(d) has been removed as a proposed payment outside the Plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   December 7, 2017         /s/Jeffrey W. Herrmann
                                 Jeffrey W. Herrmann
                                 Attorney for the Debtor

Date:  December 7, 2017         /s/Maureen A. Devine
                                 Maureen A. Devine
                                 Debtor

Date:  _____         _____
                                 Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date   December 7, 2017         /s/Jeffrey W. Herrmann
                                 Jeffrey W. Herrmann
                                 Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:  December 7, 2017         /s/Maureen A. Devine
                                 Maureen A. Devine
                                 Debtor

Date:  _____         _____
                                 Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                                  Case No. 17-16939-RG
Maureen A. Devine                                                       Chapter 13
        Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin                 Page 1 of 2                  Date Rcvd: Dec 13, 2017
                              Form ID: pdf901             Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 15, 2017.
db             +Maureen A. Devine,    296 Pequest Road,    Andover, NJ 07821-2116
r              +Harford Real Estate,    55 Trinity Street,    Newton, NJ 07860-1824
cr             +U.S. Bank Trust, N.A., as Trustee for LSF9 Master,    Stern & Eisenberg, PC,
                 1581 Main Street, Suite 200,    Warrington, PA 18976-3400
516750363      +American Web Loan,    2128 N. 14th Street,    Suite 1, #130,    Ponca City, OK 74601-1831
516750364      +Caliber Home Loans,    PO Box 24610,   Oklahoma City, OK 73124-0610
516750365      +Capital One,    Attn: General Correspondence/Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
516933923       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516750367      +Comenity Bank/Avenue,    Po Box 182125,    Columbus, OH 43218-2125
516750368      +Comenity Bank/OneStopPlus.com,    Po Box 182125,    Columbus, OH 43218-2125
516750369      +Comenity Bank/Roamans,    Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
516750370      +Comenitycapital/overst,    Comenity Bank,   Po Box 182125,    Columbus, OH 43218-2125
516929263       JPMorgan Chase Bank, N.A.,    National Bankruptcy Department,    P.O. BOX 901032,
                 Ft. Worth, TX 76101-2032
516750374      +Steven Dunne,    1007 Staghorn Lane,    Stroudsburg, PA 18360-8584
516750375      +US Bank Trust,    c/o Stern & Eisenberg PC,    1040 N. Kings Hwy., Suite 407,
                 Cherry Hill, NJ 08034-1925

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Dec 13 2017 23:28:48     U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 13 2017 23:28:44     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516750366      +E-mail/Text: bk.notifications@jpmchase.com Dec 13 2017 23:28:34     Chase Auto Finance,
                 National Bankruptcy Dept,    201 N Central Ave Ms Az1-1191,    Phoenix, AZ 85004-1071
516750371      +E-mail/PDF: creditonebknotifications@resurgent.com Dec 13 2017 23:27:06     Credit One Bank Na,
                 Po Box 98873,    Las Vegas, NV 89193-8873
516911122       E-mail/Text: bk.notifications@jpmchase.com Dec 13 2017 23:28:34     JPMorgan Chase Bank, N.A.,
                 PO Box 29505,    AZ1-1191,   Phoenix, AZ 85038-9505
516750372      +E-mail/Text: bnckohlsnotices@becket-lee.com Dec 13 2017 23:28:08     Kohls/Capital One,
                 PO Box 3043,    Milwaukee, WI 53201-3043
516896216       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 13 2017 23:32:31     LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516994961       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 13 2017 23:46:43
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
516953407       E-mail/Text: bnc-quantum@quantum3group.com Dec 13 2017 23:28:37
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA 98083-0788
516750373      +E-mail/Text: bankruptcy@senexco.com Dec 13 2017 23:28:00     Senex Services Corp,
                 3333 Founders Rd,    2nd Floor,   Indianaoplis, IN 46268
516865827      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 13 2017 23:32:33     Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517002635      U.S. Bank Trust N.A., as Trustee for LSF9 Master P
517079335      U.S. Bank Trust, N.A., as Trustee for LSF9 Master,   c/o Caliber Home Loans
                                                                                TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 15, 2017                                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-2           User: admin              Page 2 of 2              Date Rcvd: Dec 13, 2017
                               Form ID: pdf901          Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 11, 2017 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Jeffrey W. Herrmann    on behalf of Debtor Maureen A. Devine jwh@njlawfirm.com,
               ap@njlawfirm.com;md@njlawfirm.com;r57289@notify.bestcase.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Steven P. Kelly    on behalf of Creditor    U.S. Bank Trust, N.A., as Trustee for LSF9 Master
               Participation Trust skelly@sterneisenberg.com,    bkecf@sterneisenberg.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```