| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>COHN LIFLAND PEARLMAN<br> HERRMANN & KNOPF LLP<br>Attorneys for Debtor<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, New Jersey 07663<br>(201)845-9600<br>Our File: 39,574-0 | **FILED**<br>JEANNE A. NAUGHTON, CLERK<br>APR - 4 2018<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY_____DEPUTY |
| In Re:<br><br>MAUREEN A. DEVINE,<br><br>                    Debtor. | Case No. 17-16939 (RG)<br><br>Chapter 13<br><br>Judge: Rosemary Gambardella<br><br>Hearing Date: 3/26/18<br>Hearing Time: |

**ORDER (I) APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL EXISTING LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (l), AND (m); (II) GRANTING WAIVER OF THE STAY REQUIREMENTS UNDER FED. R. BANKR. P. 6004(h); AND GRANTING RELATED RELIEF**

The relief set forth on the following page, numbered two (2) through seven (7), is hereby ORDERED.

_____
Rosemary Gambardella, USBJ

4-4-18

Debtor: Maureen A. Devine
Case No. 17-16939(RG)
Caption of Order: Order (i) Approving the Sale of Real Property Free and Clear of All Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R. Bankr. P. 6004(H); and (iii) Granting Related Relief

---

**THIS MATTER,** having been opened to the Court upon the Motion of Debtor's counsel for Maureen A. Devine (the "Debtor") seeking entry of an Order approving the sale of the estate's interest in the Debtor's real property located at 296 Pequest Road, Green Township, New Jersey (also known as Block 5, Lot 24 on the Tax Map of the Green Township, Borough of Andover, County of Sussex) (the "Property") to Vladimir Seryapov and Vladimir Seryapov (the "Purchaser") for the total sum of $270,000.00, free and clear of all other existing liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) seeking waiver of the stay requirements under Fed. R. Bankr. P. 6004(h); and (iii) such and other further relief as is just and equitable (the "Motion"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O), and (iii) notice of the Motion and proposed form of orders was served on those parties required to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, her estate and creditors; and the Court having considered the pleadings filed by the Debtor in support of the Motion and any opposition thereto, if any; and for other good cause having been shown,

Debtor:             Maureen A. Devine
Case No.            17-16939(RG)
Caption of Order:   Order (i) Approving the Sale of Real Property Free and Clear of All
                    Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                    and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                    Bankr. P. 6004(H); and (iii) Granting Related Relief

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of the Motion is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

B.  Approval of the sale at this time will maximize the value of the estate, and hence, such approval is in the best interest of the Debtor, her creditors, and her estates.

C.  The Debtor has articulated sound business reasons for consummating the sale and for selling the Property, and it is reasonable exercise of the Debtor's business judgment to consummate the sale.

D.  The Debtor may sell the Property to the Purchaser in accordance with the terms and conditions set forth in the Agreement of Sale, subject to certain encumbrances and free and clear of all other liens, claims, interests and encumbrances in accordance with, and to the extent permitted by, Bankruptcy Code section 363(f).

E.  The Property is being sold "AS IS, WHERE IS" with no representations of any kind.

F.  The purchase price to be paid for the Property is fair consideration and constitutes reasonably equivalent value for the Property.

G.  The Purchaser is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the sale. The sale was negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion, and therefore, the Purchaser is entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the sale to be voided,

Debtor: Maureen A. Devine
Case No. 17-16939(RG)
Caption of Order: Order (i) Approving the Sale of Real Property Free and Clear of All Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R. Bankr. P. 6004(H); and (iii) Granting Related Relief

---

nor that would justify the imposition of costs or damages, under Bankruptcy Code section 363(n).

H.  As evidenced by the certificates of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code sections 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion or the entry of this order shall be required.

I.  Non-debtor parties holding either valid liens, claims, interests or encumbrances with respect to the Devine Property who did not object, or who withdrew their objections to the Motion are deemed to have consented to the sale of the Property free and clear of all liens, claims, interests and encumbrances pursuant to Bankruptcy Code section 363(f)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Motion is granted in its entirety.

2. The Agreement of Sale (attached as Exhibit "A" to the Application in Support of the Motion) dated January 16, 2018, be, and hereby is, approved in its entirety.

3. The sale, and all ancillary documents and transactions contemplated therein, including the transfer of the Devine Property by Debtor to the Purchaser is approved and authorized under the Bankruptcy Code, including sections 105 and 363 thereof.

4. The transfer of the Property by the Debtor to the Purchaser upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

Debtor: Maureen A. Devine
Case No. 17-16939(RG)
Caption of Order: Order (i) Approving the Sale of Real Property Free and Clear of All Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R. Bankr. P. 6004(H); and (iii) Granting Related Relief

---

5. The sale of the Property constitutes legal, valid, and effective transfers and shall vest the Purchaser with legal title in and to the respective Devine Property.

6. The Debtor be and hereby is authorized to sell the Property to the Purchaser for the sum of $270,000.00 and subject to any necessary closing costs or adjustments including realtor commission [OF 4.5%] realty transfer fee and legal fee [OF $ 1,500.00] 

7. The sale shall be, free and clear of any liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(b), (f) and (m), with any valid liens, claims and encumbrances to attach to the sale proceeds in the same order of priority as such liens, claims and encumbrances existed with respect to the Property.

8. Pursuant to Bankruptcy Code section 363(b), the Debtor is hereby authorized to sell and transfer the Property pursuant to and in accordance with the terms and conditions set forth in the Motion and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents and instruments referenced in and/or contemplated in connection with the sale of the Property without any further authorization of the Court.

9. The Purchaser is deemed to be a good faith purchaser pursuant to 11 U.S.C. Section 363(m).

10. The Debtor is selling the estate's interest in the Property AS IS, WHERE IS without any representation, warranties, or guarantees of any kind.

11. The stay provision under Fed. R. Bankr. P. 6004(h) be and hereby is waived and, therefore, not applicable to this sale.

Debtor:           Maureen A. Devine
Case No.          17-16939(RG)
Caption of Order: Order (i) Approving the Sale of Real Property Free and Clear of All Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R. Bankr. P. 6004(H); and (iii) Granting Related Relief

---

12.  The closing on the Property is scheduled for April 12, 2018. (*see* Exhibit "A" to Debtor's Application in Support of Motion Approving the Sale of Real Property).

13.  The Debtor is authorized to execute any and all documents on necessary to effectuate the sale to the Purchaser.

14.  All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

15.  This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property, free and clear of liens and claims.

16.  The provisions of this Order shall be self-executing, and neither the Debtor, the Debtor, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Contract of Sale of the Property.

17.  The sale of the Property approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Bankruptcy Code Section 363(n).

18.  The consideration to be provided by Purchaser in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

Debtor:            Maureen A. Devine
Case No.           17-16939(RG)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                   and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                   Bankr. P. 6004(H); and (iii) Granting Related Relief

---

19. The Debtor's sales proceeds shall be retained by her and covered under exemption.

20. Debtor to file an amended Schedule C within ten (10) days of the closing date.

21. A true copy of this Order shall be served on all parties who received notice of the Motion within seven (7) days of the date hereof

United States Bankruptcy Court
District of New Jersey

In re:  
Maureen A. Devine  
    Debtor

Case No. 17-16939-RG  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 1    Date Rcvd: Apr 04, 2018  
                Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 06, 2018.  
db            +Maureen A. Devine,    296 Pequest Road,    Andover, NJ 07821-2116

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2018                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 4, 2018 at the address(es) listed below:
         Denise E. Carlon    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
         Jeffrey W. Herrmann    on behalf of Debtor Maureen A. Devine jwh@njlawfirm.com, ap@njlawfirm.com;md@njlawfirm.com;r57289@notify.bestcase.com  
         Marie-Ann Greenberg    magecf@magtrustee.com  
         Mercedes Diego    on behalf of Debtor Maureen A. Devine md@njlawfirm.com, jwh@njlawfirm.com  
         Steven P. Kelly    on behalf of Creditor    U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust skelly@sterneisenberg.com, bkecf@sterneisenberg.com  
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
                                             TOTAL: 6